IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION

MARIO CANAL,

    Plaintiff,

v.

QBE SPECIALTY INSURANCE COMPANY,

    Defendant.

_____/

CASE NO: 10 21983
DIVISION: DIVISION H

RECEIVED
NOV -4 2010
CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY, Fl

## COMPLAINT

COMES NOW the Plaintiff, MARIO CANAL, by and through his undersigned counsel, and hereby sues Defendant, QBE SPECIALTY INSURANCE COMPANY ("QBE"), and as grounds therefore stated as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of fifteen thousand dollars ($15,000) exclusive of pre-judgment interest, attorneys' fees, and costs.

2. At all times material hereto, Plaintiff, MARIO CANAL, was a Florida resident owning real property located at 2721 N. Royal Court, Tampa, Hillsborough County, Florida 33602 (the "Property").

3. At all times material hereto, Defendant, QBE was a corporation duly licensed to conduct business in the State of Florida and is engaged in the business of insurance in Hillsborough County, Florida.

4. Jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

5. Plaintiff's Property was covered at all relevant times by Policy No. LRE770029313 issued by QBE, (the "Policy"). Plaintiff is not in possession of a copy of the Policy. Plaintiff has requested a copy of the Policy from Defendant. Plaintiff expects to obtain a copy of the Policy through discovery in this matter and/or through Defendant's compliance with Plaintiff's request

6. Plaintiff has paid all premiums on the Policy, and the Policy was in full force and in effect at all relevant times herein.

7. On or about May 4, 2010, Plaintiff discovered damage to his Property, including, physical damage to the walls, floors, and fencing.

8. The damage to the Property is due to sinkhole activity and therefore a covered peril under the Policy.

9. The damage to Plaintiff's property is accidental, continuing in nature, and covered under the Policy.

10. Plaintiff duly made application for insurance benefits under the Policy, but Defendant has failed and refused to pay Plaintiffs the benefits to which he is entitled to for the loss. Defendant denied coverage for the loss on June 9, 2010, as reflected in the correspondence attached hereto as Exhibit "A."

11. Defendant denied coverage without conducting statutorily compliant testing pursuant to Florida Statute §627.707 *et seq.*

12. All conditions precedent to obtaining payment of said benefits under the policy from Defendant have been complied with, met or waived.

13. As a result of QBE's refusal to pay the losses sustained by Plaintiff, Plaintiff has retained the services of the undersigned attorneys and he is obligated to pay a reasonable fee for their services. Plaintiff is entitled to attorneys' fees in this action pursuant to §627.428 Florida Statutes.

## COUNT I
### (Breach of Contract)

14. Plaintiff hereby incorporates by reference paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff and Defendant are parties to a valid and binding contract under which Defendant is required to provide insurance benefits to Plaintiff in the event of a covered loss to Plaintiff's Property.

16. Plaintiff has suffered a covered loss to the Property.

17. Defendant has breached the Policy by denying coverage for the covered loss, by failing to pay Plaintiff the benefits due and owing under the Policy, by failing to conduct a proper subsidence investigation, and by failing to work in consultation with Plaintiff in the testing and remediation of the insured premises.

18. Plaintiff has been damaged by Defendant's breach of contract.

19. Plaintiff is entitled to the full cost of repairs of the damage to his Property, including but not limited to repairs of the cracks, repair of the foundation, building stabilization, ground stabilization, cosmetic repair, structural repairs and other expenses necessary to repair the Property and, if the Property is not repairable, the full replacement cost.

20. Plaintiff is entitled to compensation for the loss to his Property. Plaintiff seeks the following damages: (a) complete guaranteed repair of the Property in its entirety, including but not limited to, ground stabilization, building stabilization, foundation repair, and cosmetic

repair, or if the property is not repairable the full replacement cost for the property; (b) damages including court costs, attorneys' fees under §627.428, Florida Statutes, expert fees and costs and pre-judgment interest; and (c) additional policy benefits for loss of use, moving expenses, rental home during repair and stabilization, landscaping, debris removal, and any other benefit available under the policy.

21. Plaintiff demands a trial by jury on all issues in Count I.

## COUNT II – BAD FAITH

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 as if fully set forth herein.

23. The Defendant, QBE, has violated Florida Statute § 624.155 by not attempting in good faith to settle the above referenced claim when, under all the circumstances, it could have and should have done so had it acted fairly and honestly towards its insured, **MARIO CANAL**, and with due regard for his interests.

24. The Defendant has violated Florida Statute § 626.9541 by making material misrepresentations to the insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effectuating settlement of such claim, loss, or damage under such contract or policy on less favorable terms than those provided in and contemplated by such policy.

25. The Defendant has acted in bad faith in violation of Florida Statute §§ 626.9541(1)(i)(3)(a), (b), and (d) in failing to do the following acts, including but not necessarily limited to:

> A. Failing to adopt and implement standards for the proper investigation of claims, including the subject claim;

B. Misrepresenting the pertinent facts or insurance policy provisions relating to coverages at issue; and

C. Denying claims without conducting reasonable investigations based upon available information.

26. Additionally, the Defendant, QBE, has acted in bad faith by engaging in the following acts and/or omissions, including but necessarily limited to:

A. Failing to pay the subject claim when all documents and information necessary to pay the subject claim were promptly provided to Defendant by the insured and/or her agents/representatives;

B. Intentionally delaying resolution of the subject claim;

C. Improperly denying Plaintiff's claim for insurance benefits under The Policy; and

D. Failing to fully and promptly pay all amounts owed to Plaintiff.

27. The Defendant, QBE, has committed the aforementioned acts with such frequency and continuity as to indicate a general business practice, and these acts are willful, wanton, malicious, and in reckless disregard for the rights of its insureds.

28. Plaintiff, MARIO CANAL, has complied with all conditions precedent to bringing an action under Florida Statute § 626.155, including, but not limited, to providing written notice stating with specificity the facts which constitute the violations in compliance with the 60-day notice requirement.

WHEREFORE, the Plaintiff, MARIO CANAL, prays this Court determine that Defendant, QBE, has breached its insurance contract, to enter an Order directing Defendant, QBE, to provide coverage and to pay, in full, his contractual and compensatory damages under the contract, to award punitive damages, to award pre-judgment interest on the amounts wrongfully withheld, to award the costs of this action, to award attorneys' fees pursuant to

Florida Statute § 627.428, and to grant such other and further relief as this Court may deem just and appropriate.

FURTHER, the Plaintiff, MARIO CANAL, requests a trial by jury on all issues so triable.

*Sinkhole Investigation Legal Team, P.A.*
Thomas W. Thompson, Esquire,
FBN: 0163376
Aaron S. Kling
FBN: 0076238
2100 W. Dr. Martin Luther King Blvd.
Tampa, Florida 33607
Telephone: (813) 871-3074
Facsimile: (813) 871-5305
Attorney for Plaintiffs, MARIO CANAL

# STERLING NATIONAL™

Sterling National Insurance Agency, Inc.
Claims Department
210 Interstate North Parkway,
Suite 400
Atlanta, GA 30339-5017

CA License #0679245
Tel: 800.824-8562
Fax: 770.303.2723
www.sterlingnationalcorp.com

June 9, 2010

Wachovia Retail Credit
Attention: Property Loss Dept
9800 Muirlands Blvd
Irvine, CA 92618

RE:  Claim No.:         2010002711
     Date of Loss:      05/04/2010
     Type of Loss:      Additional Property
     Policy #:          LRE770029313
     Loan #:            3201010013472671
     Location of Loss:  2721 N Royal Ct, Tampa, FL 33602

Dear Property Loss Department:

Our inspection reveals the cause of the exterior and interior cracks in the home is not due to sinkhole activity. The cause of the damages are due to construction defect, wear and tear and settlement.

We regret to inform you these types of losses are not covered under your policy with QBE Specialty Insurance Company. Therefore, we will be unable to make any payment on this claim. We have based our decision on the policy conditions contained in Policy Number LRE77029313, Form Number RP1201 (0397), effective 2/27/10-5/7/10. Please refer to the following policy language:

PERILS INSURED AGAINST:

COVERAGE A - DWELLING
COVERAGE B - OTHER STRUCTURE

We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property; however, we do not insure loss

2. cause by:
    g. (1) wear and tear, marring, deterioration;
       (3) smog, rust or other corrosion, mold, wet or dry rot;
       (6) settling, shrinking, bulging or expansion, including resultant cracking, or pavements, patios, foundations, walls, floors, roofs or ceilings; or

GENERAL EXCLUSIONS:

1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

EXHIBIT A

    e. Neglect, meaning your neglect to use all reasonable means to save and preserve property at and after the time of a loss.

2. We do not insure for loss to property described in Coverages A and B cause by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered:

    c. Faulty, inadequate or defective:
        (1) planning, zoning, development,
        (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
        (3) materials used in repair, construction, renovation or remodeling; or
        (4) maintenance;

## CONDITIONS

4. **Your Duties After Loss.** In case of a loss to your covered property, you must see that the following are done:
    a. give prompt notice to us or our agent;
    b. (1) protect the property from further damage;
        (2) make reasonable and necessary repairs to protect the property; and
        (3) keep an accurate record of repair expenses;

10. **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within five years after the date of loss.

If you have any facts or theories, which could support an obligation to provide coverage under the QBE Specialty Insurance Company policy for this portion of the loss, we urge you to contact us so that we may reconsider our position. By agreeing to consider other evidence, Sterling National Insurance Agency, Inc., on behalf of QBE Specialty Insurance Company does not waive any potential rights or defenses.

We are committed to satisfying all of our claimants throughout the claim handling process. Our failure to quote or refer to any specific policy provision in the body of this letter or any previous communication is not a waiver of those provisions. If you are not satisfied with the handling of your claim, please contact me immediately. If you believe your claim has been wrongfully denied or rejected, you may have the matter reviewed by the following State agency:

    Florida Department of Insurance
    Claims Service Bureau
    200 East Gaines Street
    Tallahassee, FL 32399 0322

Sincerely,

*Judy King*

Judy King, AIC
(800)824-8562 Ext:2749
Sterling National Insurance Agency, Inc.,
Program Managers for: QBE Specialty Insurance Company

Mario Canal
2721 N Royal Ct, T
Tampa, FL 33602